**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JEREMY WILSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:22-cv-00413 |
| CREDIT CONTROL, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## <u>COMPLAINT</u>

NOW comes JEREMY WILSON ("Plaintiff"), by and through his attorneys, complaining as to the conduct of CREDIT CONTROL, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

### PARTIES

1

4.  Plaintiff is a consumer over-the-age of 18 and a resident of Hamilton, Ohio, which is within the Southern District of Ohio.

5.  Defendant is a third-party debt collector claiming to be "performance-driven"[1] and provides a range of collection services including third party recoveries[2]. Defendant is a limited liability company organized under the state of Missouri with its principal place of business is located at 5757 Phantom Dr., #330, Hazelwood, MO 63042.

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7.  The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject debt") that Plaintiff does not owe.

8.  In or around late 2021, Plaintiff began receiving calls to his cellular phone, (513) XXX-8958, from Defendant.

9.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8958. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has primarily used the phone number (513) 599-0239 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

11. Upon information and belief, the above referenced phone number ending in -0239 is regularly utilized by Defendant during its debt collection activity.

---

[1] https://www.credit-control.com/about-us/who-we-are/
[2] https://www.credit-control.com/collection-services/

12. Plaintiff was perplexed by Defendant calling him because the debt Defendant was attempting to collect is a debt that did not belong to him and to which he had no connection.

13. Upon answering phone calls from Defendant, Plaintiff learned that Defendant was looking for someone named "Sean Duncan".

14. Plaintiff has no connection to Sean Duncan or Sean Duncan's alleged debt, so he informed Defendant that they were contacting the wrong party and demanded that it cease placing calls to his cellular phone.

15. However, even after being informed it was contacting the wrong party, Defendant continued to place calls to Plaintiff.

16. Notwithstanding the information provided by Plaintiff and Plaintiff's demands, Defendant has continued placing collection calls to Plaintiff's cellular phone up until the filing of the instant action.

17. Plaintiff frequently received multiple calls per day throughout the week, including calls on Sunday while he is attending church services.

18. Plaintiff has received numerous phone calls from Defendant since telling it that it was calling the wrong party and demanding that it stop calling.

19. Frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection calls intended for a different individual, emotional distress and loss of sleep stemming from the persistent calls, increased risk of personal injury resulting from the distraction caused by the repeated calls,

increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and engages in a business the principal purpose of which is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

#### a. Violations of FDCPA §§ 1692b & c(b)

27. The FDCPA, pursuant to 15 U.S.C. § 1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under § 1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under § 1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any

4

debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

28. Defendant violated §§ 1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt allegedly owed by an individual named "Sean Duncan". Plaintiff explicitly notified Defendant that he was not the individual it was looking for and demanded that it stop calling. Defendant had more than enough information to know that the number it was calling did not belong to Plaintiff. Armed with this information, Defendant nevertheless continued to call Plaintiff's cellular phone repeatedly without his consent, knowing he was not the individual obligated to pay the subject debt.

### b. Violations of FDCPA § 1692c(a)(1) and § 1692d

29. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §§ 1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop and that Plaintiff was not individual it needed to contact. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands in an attempt to collect a debt owed by someone named "Sean Duncan" was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

31. Defendant was notified by Plaintiff that its calls were not welcome. As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to Plaintiff.

### c. Violations of FDCPA § 1692e

32.   The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33.   In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34.   Defendant violated §§ 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was notified more than once by Plaintiff that it was not Sean Duncan's number and to stop calling. Nevertheless, Defendant called Plaintiff numerous times in a deceptive attempt to force him to answer its calls and ultimately make a payment, even though the debt was not Plaintiff's. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when not only did it never have consent to do so in the first place, but was also subsequently told to stop calling.

### d. Violations of FDCPA § 1692f

35.   The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36.   Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with an individual named "Sean Duncan", even after Plaintiff told Defendant that it was not Sean Duncan's number. Attempting to coerce payment by placing voluminous phone calls after having knowledge that it is contacting the wrong person and being

6

told to stop is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. As pled in paragraphs 20 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JEREMY WILSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 18, 2022

Respectfully submitted,

_/s/ Chad W. Eisenback_
Chad W. Eisenback
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (312) 313-1613
Facsimile: (630) 575-8188
ceisenback@sulaimanlaw.com